# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-880V
Filed: March 11, 2020

```
* * * * * * * * * * * * * *
RALPH PARMER,                       *       UNPUBLISHED
                                    *
                Petitioner,         *
v.                                  *       Decision on Interim Attorneys' Fees and
                                    *       Costs
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
                Respondent.         *
* * * * * * * * * * * * * *
```

*Isaiah Kalinowski, Esq.*, Maglio Christopher & Toale, Washington, DC, for petitioner.
*Christine M. Becer, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On July 25, 2016, Ralph Parmer ("Mr. Parmer" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he suffers from thrombotic thrombocytopenia purpura ("TTP"), as a result of the influenza ("flu") vaccination he received on October 14, 2013. Petition, ECF No. 1.

An entitlement hearing was held on May 2, 2019. Order at 1, ECF No. 45. On January 21, 2020, petitioner filed a Motion for Interim Attorneys' Fees and Costs, requesting $125,413.80 in attorneys' fees and $29,286.42 in attorneys' costs for a total of $154,700.22. Motion for Interim

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Fees, ECF No. 53. On February 4, 2020, respondent filed a response to petitioner's Motion for Interim Fees, ECF No. 53. On February 4, 2020, respondent filed a response to petitioner's Motion for Interim Fees that contained no specific objection to the amount requested or hours billed, but instead asked that I exercise my discretion in determining the proper amount to be awarded. ECF No. 54. Petitioner filed a boilerplate reply on February 6, 2020 arguing that respondent has a responsibility to challenge fees or costs he finds unreasonable, though it is up to the special master to determine reasonableness of fees and costs in the absence of objections by respondent. ECF No. 56 at 2-3.

This matter is now ripe for discussion.

## I. Procedural History

Petitioner filed his petition on July 25, 2016. ECF No. 1. This case was assigned to me on July 26, 2016. *See* ECF No. 7.

Petitioner filed medical records and medical literature on July 26, 2016. Petitioner's Exhibits ("Pet. Ex.") 1-19, ECF Nos. 3-6. On September 1, 2016, a status conference was held following which petitioner was ordered to file an affidavit from petitioner, any remaining medical records, and a Statement of Completion. *See* Order, ECF No. 10. On September 2, 2016, additional medical records were filed. Pet. Ex. 20, ECF No. 11. Petitioner filed additional records, an affidavit, and a Statement of Completion on September 30, 2016. Pet. Ex. 21-22, ECF No. 12; Statement of Completion, ECF No. 13.

Respondent filed his Rule 4(c) Report on February 6, 2017 highlighting several issues in this case, including the difficulty in finding causation from the medical records that had been submitted, because none of petitioner's treating physicians provided an opinion on causation and petitioner had not filed a medical expert opinion supporting causation. Res. Report at 3-4, ECF No. 16. He ultimately concluded this matter was not appropriate for compensation. *Id.* at 4.

On April 20, 2017, petitioner filed an expert report from Dr. Fireman providing a theory of causation. Pet. Ex. 23-24, ECF No. 20. Dr. Fireman found that the flu vaccine was a substantial factor in petitioner's TTP. Pet. Ex. 23 at 7, ECF No. 20. Petitioner's diagnosis of TTP was not "seriously questioned by any of his treating physicians," and all evidence supports this diagnosis. *Id.* The flu vaccine "*can* play a significant causal role in initiating/triggering the immune-mediated process that results in TTP." *Id.* Dr. Fireman relied upon studies that found measles-containing vaccines can cause TTP, along with a recent study that specifically connected TTP with flu infections and flu vaccines. *Id.* at 5-6.

A status conference was held on May 24, 2017. Non-PDF Order, dated May 19, 2017; *see* Order, ECF No. 21. On August 22, 2017, respondent filed Dr. Kreuziger's expert report and supporting literature. Respondent's Exhibits ("Resp. Ex.") A-N, ECF Nos. 22-23. A status conference was held on September 15, 2017. *See* Order, ECF No. 24.

Petitioner and respondent engaged in settlement discussions. On December 14, 2017, petitioner filed a supplemental affidavit addressing the issue of onset and a status report indicating the intention to continue informal resolution of the matter. Pet. Ex. 25, ECF No. 26; Status Report,

ECF No. 27. Following a status conference held on May 9, 2018, I ordered a joint status report. *See* Order, ECF No. 30. On July 9, 2018, a joint status report was filed indicating the parties were no longer interested in settlement negotiations. Joint Status Report, ECF No. 31.

On July 10, 2018, a prehearing order was issued setting deadlines for prehearing briefs and submissions. *See* Order, ECF No. 32. On March 6, 2019, petitioner filed the medical literature that Dr. Fireman relied upon in his expert report. Pet. Ex. 26-46, ECF Nos. 33-35. On March 28, 2019, respondent filed a supplemental expert report. Resp. Ex. O-P, ECF No. 37. Both petitioner and respondent timely filed all prehearing submissions. ECF Nos. 36, 38, 40, 43.

On April 30, 2019, the pre-hearing status conference was held and on May 2, 2019, a two-day hearing was held at which petitioner's expert, Dr. Fireman, and respondent's expert, Dr. Baumann Kreuziger, testified. Orders, ECF No. 44-45. Both parties requested the opportunity to file post-hearing briefs. *See* Order, ECF No. 45. On July 31, 2019, the parties filed their respective post-hearing briefs. ECF Nos. 49, 50. On September 19, 2019, updated medical records were filed by petitioner. Pet. Ex. 47-48, ECF No. 51.

On January 21, 2020, petitioner's counsel filed the instant Motion for Interim Attorneys' Fees and Costs requesting $125,413.80 in fees and $29,286.42 in costs and for a total of $154,700.22. *See* Motion for Interim Fees, ECF No. 53. Petitioner argued the petition was brought in good faith with a reasonable basis, as supported by a medical expert opinion. *Id.* at 1.

On February 4, 2020, respondent filed a response to the Motion for Interim Attorneys' Fees and Costs deferring to the special master for a determination of interim fees and costs. *See* ECF No. 54 at 2-3.

On February 6, 2020, petitioner's counsel filed a reply to respondent's response. *See* ECF No. 56. Petitioner argued that respondent's position was overly burdensome on the court and prejudices the petitioner because it is respondent's duty to present evidence of fees and costs it finds unreasonable. *Id.* at 2. The U.S. Court of Federal Claims has found that a limited response from respondent may act as a waiver of "specific challenges" to requested fees and costs. *Id.* at 2 (citing *Mcintosh v. Sec'y of HHS*, No. 16-29V, 2018 WL 3343290, at *12 (Fed. Cl. June 14, 2018)). Petitioner asserted the court should not act as both "inquisitor" and fact-finder. *Id.* at 3. Petitioner further argued that because he has met his burden of establishing reasonable fees and costs, he should be reimbursed "without reduction." *Id.* at 4-5. Petitioner correctly identified that special masters may *sua sponte* conduct their own inquiry. *Id.* at 3.

This matter is now ripe for determination.

## II. Legal Framework

The Vaccine Act permits an award of reasonable attorneys' fees and other costs. § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, petitioner's counsel is automatically entitled to reasonable attorneys' fees. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### III. Discussion

#### A.      Availability of Interim Fees

Special masters have discretion to award interim fees while the litigation is ongoing if "the cost of litigation has imposed an undue hardship" and there is "a good faith basis for the claim." *Shaw v. Sec'y of Health & Human Servs.*, 609 F. 3d 1372, 1375 (Fed. Cir. 2010); *see Avera*, 515 F. 3d at 1352. The court in *Avera* held that interim fees may be awarded "in appropriate circumstances." *Id.* at 1351. The court then listed some circumstances—cases involving "protracted" proceedings and "costly experts"—in which it would be "particularly appropriate" to award interim fees. *Id.* at 1352. But "the Federal Circuit in *Avera* . . . did not enunciate the universe of litigation circumstances which would warrant an award of interim attorney's fees," *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012), and "special masters [retain] broad discretion in determining whether to award" them, *Al-Uffi ex rel. R.B. v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). In making this determination, "the special master may consider any of the unique facts of a case." *Rehn v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 86, 94 (2016).

Under the circumstances of this case, interim fees are warranted. This case has been pending for three and a half years, which ordinarily "suffice[s] to constitute the type of 'circumstances' to warrant an interim fee award." *Woods*, 105 Fed. Cl. at 154; *see also, e.g.*, *Thompson v. Sec'y of Health & Human Servs.*, No. 12-475V, 2018 WL 1559799, at *1 (Fed. Cl. Spec. Mstr. Feb. 28, 2018) ("[I]nterim attorneys' fees and costs are appropriate because waiting for the conclusion of the case would place an undue hardship in petitioner"); *Kottenstette v. Sec'y of Health & Human Servs.*, No. 15-1016V, 2017 WL 5662780, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017) (finding two-year proceeding constituted appropriate circumstances for interim fees). Respondent does not dispute that there is "a good faith basis for [petitioner's] claim." *Shaw*, 609 F.3d at 1375; *see Sharp-Rountree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015) (explaining that "petitioners are entitled to a presumption of good faith absent direct evidence of bad faith" and finding a good faith basis when respondent "declined to challenge [it]"). Moreover, petitioner has expended significant funds in

travel and expert fees for a hearing in this case and with the current case load, it is uncertain as to when the entitlement ruling will be issued. In sum, the circumstances of this case warrant an award of interim fees and costs, so as not to impose economic hardship on petitioner.

**B.      Reasonable Hourly Rates**

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Kalinowski practices in Washington, DC, and accordingly is awarded forum rates. Petitioner requests $125,413.80 in attorneys' fees. ECF No. 53. Petitioner requested the following hourly rates for his attorney and the other attorneys, and paralegals at his counsel's firm. For Isaiah Kalinowski: $341.00 for 2015, $349.00 for 2016, $358.00 for 2017, $368.00 for 2018, and $383.00 for 2019. *See* Motion for Interim Fees, Pet. Ex. 49 at 31. For Amber Wilson, co-counsel: $323.00 for 2019. *Id*. For Joseph Vuckovich, co-counsel: $315.00 for 2019. *Id*. at 32. For paralegals: $95.00, $135.00, and $145.00 for 2014; $95.00 and $145.00 for 2015; $95.00, $105.00, and $145.00 for 2016; $145.00 for 2017; $148.00 for 2018; and $45.00 and $154.00 for 2019. *Id*. at 31-32. Rates varied depending on experience and credentials. *Id*.

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited July 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited July 29, 2019); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited July 29, 2019);  Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2019*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf (last visited July 29, 2019).

The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his law firm. *See Warren v. Sec'y of HHS*, No. 13-919V, 2018 WL 3216242, at *6 (Fed. Cl. Spec. Mstr. May 29, 2018). Therefore, I award the requested rates.

## C.    Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of the hours billed by petitioner's counsel and his firm, the majority of hours billed appear to be reasonable. *See generally*, Motion for Interim Fees, Pet. Ex. 49. However, there were multiple instances[4] of block billing,[5] which is disfavored by the Program, as it frustrates the

---

[4] The following entries are examples and are not exhaustive; they merely provide a sampling.

[5] *See, e.g.*, Motion for Interim Fees, Pet. Ex. 49 at 5 (5.4 hours billed for "Review for filing and integrate into ARMOR medical summary: Exhibit 3 at pages 858-2453. Research medical literature regarding link between flu shot and TTP. Research Program cases for previous cases involving flu shot and TTP. Coordinate records requests for potentially missing records."); *id.* at 20 (11.6 hours billed for "Review Respondent's Pre-hearing Response Brief, supplemental expert report, and article of medical literature. Outline agreements between the parties and disputed issues in contention. Research legal citations. Draft Pre-hearing Reply Memorandum and file same. Draft e-mail message to client, expert, and second-chair counsel with Reply Memorandum attached. Update notes in file."); *id.* at 21 (4.6 hours billed for "Review file for issues affecting resolution of the case. Draft Joint Submission on stipulations and disputes. Draft e-mail message to Respondent's Counsel with draft pleading, suggesting procedure for editing prior to submission. Review filed materials for terms to be included in list for court reporter. Send list of terms to

Court's ability to evaluate the reasonableness of the time billed. *See Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *23-24 (Fed. Cl. Spec. Mstr. June 15, 2009). Because there are several instances of block billing throughout petitioner's counsel's billing records, and because counsel has been previously warned about such billing practices, a small reduction is warranted. Therefore, attorney's fees are reduced by 5%, which amounts to $6,270.69. Accordingly, petitioner is awarded **$119,143.11** in attorneys' fees.

### D.     Reasonable Costs

Petitioner requests a total of $29,286.42 in attorneys' costs. ECF No. 53. The requested costs consist of securing medical records and expert fees. petitioner's counsel has provided sufficient documentation to support his costs requests for all but $276.27 for costs associated with postage and securing some medical records. *See generally* Motion for Interim Fees, Pet. Ex. 50. Three articles relied upon by petitioner's expert had receipts that were not included in the requested amount. *See* Motion for Interim Fees, Pet. Ex. 50 at 40, 43, 46. Additionally, more than three UPS postage costs were claimed by petitioner's counsel while only three labels were included. *See id.* at 52, 53. These labels had no identifying location, cost, or date information so it is impossible to ascertain which UPS postage they correspond with. *See id.* There is also one item petitioner's counsel noted as a cost request that was identified as not having a receipt: a $3.49 charge by co-counsel for a meal during a hearing. *See id.* at 2.

Because the articles have attached receipts and were relied upon by petitioner's expert, they will be reimbursed. Additionally, because petitioner's counsel noted that the receipt for the meal was lost, that item will also be reimbursed. The only reduction will be for inadequate documentation of costs associated with postage and securing medical records in the amount of $171.33. [6] Accordingly, petitioner is awarded **$29,115.09** in costs.

### IV. Total Award Summary

Based on the foregoing, petitioner's Motion for Interim Attorneys' Fees and Costs is **GRANTED IN PART**. Accordingly, I award **$148,258.20,** representing $119,143.11 in attorneys' fees and $29,115.09 in attorneys' costs in the form of a check payable jointly to **petitioner and petitioner's counsel, Isaiah Kalinowski, Esq.** The clerk shall enter judgment accordingly.[7]

**IT IS SO ORDERED.**

                                        s/ Mindy Michaels Roth
                                        Mindy Michaels Roth
                                        Special Master

---

Respondent's Counsel for suggested additions to the list. Update notes in file.").

[6] As this is an interim fees and costs motion, petitioner may request reimbursement for these costs, supported by proper documentation, in his final fees and costs motion.

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.