# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-880V
Filed: January 6, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RALPH PARMER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Decision on Proffer; |
| | * | Thrombotic Thrombocytopenia |
| v. | * | Purpura ("TTP"); Influenza |
| | * | ("flu") Vaccine. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Isaiah Kalinowski, Esq.*, Bosson Legal Group, Fairfax, VA, for petitioner.
*Christine Becer, Esq.*, US Department of Justice, Washington, DC, for respondent.

## DECISION ON PROFFER ON DAMAGES[1]

**Roth**, Special Master:

On July 25, 2016, Ralph Parmer ["Mr. Parmer" or "petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed thrombotic thrombocytopenia purpura ("TTP") after receiving an influenza ("flu") vaccine on October 14, 2013. Proffer, filed January 6, 2023, at 1, ECF No. 99. An entitlement hearing was held on May 2, 2019 in Washington, D.C. On March 25, 2021, I issued a ruling on entitlement finding petitioner entitled to compensation. Ruling on Entitlement, ECF No. 61.

Respondent filed a proffer on January 6, 2023, agreeing to issue the following payment:

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

1) **A lump sum payment of $324,592.00**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($5,500.00), lost earnings ($153,689.76), pain and suffering ($150,000.00), and past unreimbursable expenses ($15,402.24), **in the form of a check payable to petitioner, Ralph Parmer.**

2) **An amount sufficient to purchase the annuity contract described in Section II.B of the attached proffer.**

Proffer, ECF No. 99.

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                          **s/ Mindy Michaels Roth**
                                          Mindy Michaels Roth
                                          Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RALPH PARMER,<br><br>                          Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                          Respondent. | No. 16-880V<br>Special Master Roth<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On July 25, 2016, Ralph Parmer ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered from thrombotic thrombocytopenia ("TTP") as a result of an influenza vaccination that he received on October 14, 2013. Petition at 1. On March 25, 2021, Special Master Roth issued a decision finding that petitioner was entitled to compensation. ECF No. 61. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.**    **Items of Compensation**

        A.    Life Care Items

Respondent engaged Linda Curtis RN, MS, CCM, CNLCP, to provide an estimation of petitioner's future vaccine injury-related needs. For the purposes of this proffer, the term

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's March 25, 2021, ruling on entitlement, finding petitioners entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

"vaccine injury" is as described in Special Master's March 25, 2021, Ruling on Entitlement. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Ralph Parmer, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Ralph Parmer has suffered past loss of earnings and will suffer future loss of earnings as a result of his vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Ralph Parmer's past and future lost earnings is $153,689.76. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $150,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $15,402.24. Petitioner agrees.

## II.   Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of **$324,592.00**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($5,500.00), lost earnings ($153,689.76), pain and suffering ($150,000.00), and past unreimbursable expenses ($15,402.24) in the form of a check payable to petitioner, Ralph Parmer.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3]  In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

>   a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
>   b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
>   c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;
>
>   d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Ralph Parmer, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual, or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

2. <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Ralph Parmer, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Ralph Parmer's death.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

4

      3.      <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**      **<u>Summary of Recommended Payments Following Judgment</u>**

    A.      Lump Sum paid to petitioner, Ralph Parmer:      **$324,592.00**

    B.      An amount sufficient to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

<u>/s/*Christine M. Becer*</u>
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 616-3665
Christine.m.becer@usdoj.gov

Dated: January 6, 2023

5