# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 31, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| RALPH PARMER, | * | |
| | * | |
| Petitioner, | * | No. 16-880V |
| | * | Special Master Roth |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Isaiah Kalinowski*, Bosson Legal Group, Fairfax, VA, for Petitioner.
*Christine M. Bercer,* United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 25, 2016, Ralph Parmer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed thrombotic thrombocytopenia purpura ("TTP") after receiving an influenza ("flu") vaccine on October 14, 2013. Proffer filed January 6, 2023, at 1, ECF No. 99. An entitlement hearing was held on May 2, 2019, in Washington, D.C. On March 25, 2021, the undersigned issued a ruling on entitlement finding petitioner entitled to compensation. Ruling on Entitlement, ECF No. 61. On January 6, 2023, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation to petitioner the same day. (ECF No. 100).

On March 11, 2023, Petitioner filed a motion for attorneys' fees and costs. (ECF No. 105).

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

("Fees Mtn."). Petitioner requests attorneys' fees and costs in the amount of $60,170.32. This represents a total of $28,148.30 in attorneys' fees and costs incurred by Petitioner's current counsel Bosson Legal Group and $32,022.02 in attorneys' fees and costs incurred by former counsel, mctlaw. Fees Mtn. at 1 – 2.  Pursuant to General Order No. 9, Petitioner states that he has not personally incurred any costs related to the prosecution of his petition. *Id.* at 2. Respondent filed a response on March 27, 2023, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 106). On March 28, 2023, Petitioner filed his reply stating the fees and costs incurred are reasonable and should be awarded as requested. (ECF No. 107).

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

a. **Reasonable Hourly Rates**

Petitioner requests the following hourly rates for the work of his counsel, Mr. Isaiah Kalinowski: $405.00 per hour for work performed in 2020, $430.00 per hour for work performed in 2021 and 2022, and $445.00 per hour for work performed in 2022 The requested rates are consistent with what counsel has previously been awarded for his Vaccine Program work and the undersigned finds them to be reasonable herein for work performed in the instant case.

b. **Reasonable Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has Respondent identified any entries as objectionable. Accordingly, Petitioner is awarded final attorneys' fees in the amount of $54,085.00.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,085.32 in attorneys' costs. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by Petitioner's vocational expert, Bruce Growick. The undersigned finds these costs to be reasonable and shall fully reimburse them.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. The undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested for | $54,085.00 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$54,085.00** |
| | |
| Attorneys' Costs Requested | $6,085.32 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$6,085.32** |
| | |
| **Total Amount Awarded** | **$60,170.32** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $28,148.30, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Isaiah Kalinowski; and**

2) **a lump sum in the amount of $32,022.02, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his former law firm, mctlaw.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth
Mindy Michaels Roth
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).